McDonald v. The Timberland Co.          CV-98-686-M    01/23/02
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Dawn McDonald,
      Plaintiff

      v.                                  Civil No. 98-686-M
                                          Opinion No. 2002 DNH 018
The Timberland Company Group
Long Term Disability Coverage
Program and The Prudential Insurance
Company of America,
      Defendants


                          **O R D E R**


      Plaintiff, Dawn McDonald, brings this action under the

Employee Retirement Income Security Act of 1974, 29 U.S.C. §

1001, et seq. ("ERISA"), claiming that her application for long

term disability benefits under an ERISA governed plan was

wrongfully denied.  Her complaint advances three causes of action

against The Timberland Company Group Long Term Disability

Coverage Program (the "Plan") and its administrator, Prudential

Insurance Company of America: wrongful denial of long term

disability benefits; failure to provide her with the opportunity

for a full and fair review of her claim; and failure to provide

her with adequate notice of the basis for the denial of her

claim.

The Plan administrator, Prudential, says that McDonald's rights under ERISA were never violated and her application for long term disability benefits was properly denied. Accordingly, it moves for summary judgment as to all claims advanced in McDonald's complaint. McDonald objects and has herself moved for summary judgment.

**Standard of Review**

I.   Summary Judgment.

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

2

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party carries its burden, the burden shifts to the nonmoving party to demonstrate, with regard to each issue on which it has the burden of proof, that a trier of fact could reasonably find in its favor. See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

At this stage, the nonmoving party "may not rest upon mere allegation or denials of [the movant's] pleading, but must set forth specific facts showing that there is a genuine issue" of material fact as to each issue upon which he or she would bear the ultimate burden of proof at trial. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted). When, as here, the parties file cross motions for summary judgment, "the court must consider each

motion separately, drawing inferences against each movant in turn." <u>Reich v. John Alden Life Ins. Co.</u>, 126 F.3d 1, 6 (1st Cir. 1997).

II.   <u>Deferential or De Novo Review of Administrator's Denial</u>.

In <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989), the Supreme Court held that "a denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a <u>de novo</u> standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Id.</u>, at 115.[1] The Court of Appeals for the First Circuit has interpreted <u>Firestone</u> to require "de novo review of benefits determinations unless a benefits plan <u>clearly</u> <u>grants</u> discretionary authority to the administrator. Where the clear discretionary grant is found, <u>Firestone</u> and its progeny mandate a deferential arbitrary and capricious standard of judicial

---

[1]   In this case, the parties dispute whether the Plan vests Prudential with discretion when making benefit eligibility determinations under the provisions of the Plan. The parties appear to agree that the Plan provisions defining eligibility criteria are not ambiguous and, therefore, whether Prudential has discretion in construing arguably ambiguous Plan terms is not at issue.

4

review." <u>Terry v. Bayer Corp.</u>, 145 F.3d 28, 37 (1st Cir. 1998)(citations, internal quotation marks, ellipses, and brackets omitted) (emphasis supplied).

## Background

Prudential has submitted copies of all documents relating to the Plan, plaintiff's application for long term disability benefits, the accompanying submissions made in support of that application, and all written communications between the parties relating to plaintiff's application and Prudential's denial. It has also submitted a statement of undisputed material facts. Because those materials are part of the court's record, and because plaintiff has not objected to either of those filings, the lengthy factual background to this case need not be recounted in this opinion.[2] Those facts relevant to the disposition of the pending motions are discussed as appropriate.

---

[2] Parenthetically, the court notes that while plaintiff does not object to Prudential's statement of material facts, she appears to view it as less than complete. Accordingly, she has augmented that statement with additional facts that she considers both material and undisputed (all of which are supportive of her asserted entitlement to benefits under the Plan).

## Discussion

I. The Plan does not Clearly Reserve Discretion to Prudential when Making Benefits Eligibility Determinations.

Prudential asserts that its decision to deny McDonald's application for long term disability benefits must be reviewed under the deferential "arbitrary and capricious" standard. In support of that position, Prudential says:

> [T]he [Plan] language grants Prudential discretion in deciding coverage. The "Total Disability" provision in the [Plan] states that "Total Disability exists when Prudential determines that all [the] conditions are met." Record at 0157. Additionally, the [Plan] states that Prudential may ask for written proof of disability, the proof must be satisfactory and that Prudential has the right to request medical examinations. Record at 0174-0175. Although the [Plan] does not contain the word "discretion," the language of the [Plan], taken as a whole, clearly confers fiduciary discretion to determine eligibility for benefits.

Defendant's memorandum (document no. 28) at 6-7. The court disagrees.

This court (DiClerico, J.) recently considered similar plan language and concluded that it did not constitute a sufficiently clear reservation of discretion to warrant application of the deferential "arbitrary and capricious" standard of review.

6

> Courts that have considered the same or similar
> language in ERISA plans have come to different
> conclusions as to whether the language ["satisfactory
> proof of Total Disability"] confers discretionary
> authority. Very recently, however, the Seventh Circuit
> has joined the Second and Ninth Circuits in deciding
> that "language in plan documents to the effect that
> benefits shall be paid when the plan administrator upon
> proof (or satisfactory proof) determines that the
> applicant is entitled to them" is ambiguous as to the
> discretion of the plan administrator and requires de
> novo review of the challenged decision.
>
> This court is persuaded to follow the well-reasoned
> analyses of the Seventh, Second, and Ninth Circuits'
> opinions, concluding that plan language requiring
> satisfactory proof [of benefit entitlement] is not a
> sufficiently clear invocation of discretionary
> authority to warrant deferential review.

Rzasa v. Reliance Standard Life Insurance Co., 2000 DNH 075 at 9-10, 2000 WL 33667078 at *4 (D.N.H. March 21, 2000) (citations omitted).

In this case, the language of the Plan is even less amenable to the conclusion that Prudential retained discretionary authority to determine eligibility for benefits under the Plan. It provides that, "'Total Disability' exists when Prudential determines that all of these [specified] conditions are

7

met . . . ." The Plan at 15. Prudential asserts that because the Plan provides that a member is entitled to disability benefits only when Prudential determines that all necessary conditions have been met, the Plan has reserved sufficient discretion to the administrator to warrant review under the deferential "arbitrary and capricious" standard. That view has, however, been rejected by several courts. For example, Chief Judge Posner, writing for the Seventh Circuit Court of Appeals, has observed:

> Obviously, a plan [administrator] will not - could not, consistent with its fiduciary obligation to the other participants - pay benefits without first making a determination that the applicant was entitled to them. The statement of this truism in the plan document implies nothing one way or the other about the scope of judicial review of [the administrator's] determination, . . . . That the plan administrator will not pay benefits until he receives satisfactory proof of entitlement likewise states the obvious, echoing standard language in insurance contracts not thought to confer any discretionary powers on the insurer.

Herzberger v. Standard Ins. Co., 205 F.3d 327, 332 (7th Cir. 2000). In light of that observation, the court concluded that:

> the mere fact that a plan requires <u>a determination of eligibility or entitlement by the administrator</u>, or requires proof or satisfactory proof of the applicant's claim, or requires both a determination and proof (or

8

> satisfactory proof), does not give the employee
> adequate notice that the plan administrator is to make
> a judgment largely insulated from judicial review by
> reason of being discretionary.

Id. (emphasis supplied). See also Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 251-52 (2d Cir. 1999); Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089-90 (9th Cir. 1999) (en banc).

As the party advocating a deferential standard of review, Prudential bears the burden of demonstrating that its adverse disability determination is entitled to such deference. See, e.g., Kinstler, 181 F.3d at 249 ("[T]he plan administrator bears the burden of proving that the arbitrary and capricious standard of review applies."); Sharkey v. Ultramar Energy Ltd., 70 F.3d 226, 230 (2d Cir. 1995) ("[T]he Pension Committee bears the burden of proof on this issue since the party claiming deferential review should prove the predicate that justifies it."). Prudential has failed to carry that burden insofar as the Plan language upon which it relies does not, as a matter of law, "clearly grant[] discretionary authority to the administrator."

<u>Terry</u>, 145 F.3d at 37.  Accordingly, Prudential's adverse disability determination will be reviewed de novo.

II.  <u>Genuine Issues of Material Fact Preclude Summary Judgment</u>.

Here, as in <u>Rzasa</u>, <u>supra</u>, the parties rely on conflicting evidence in support of their respective positions.  If McDonald's evidence is credited, it would appear that she meets the Plan's definition of total disability and, therefore, is entitled to benefits.  If, on the other hand, Prudential's evidence is deemed more credible, its decision to deny McDonald's application for long term disability benefits must be upheld.  In light of the conflict in the evidence presented by the parties, neither is entitled to judgment as a matter of law.

**Conclusion**

Contrary to Prudential's assertions, the Plan language does not "clearly grant" Prudential discretionary authority to determine members' entitlement to long term disability benefits under the Plan.  Accordingly, its decision to deny McDonald's application for benefits must be evaluated under the de novo standard of review.  Nevertheless, because there are genuinely

10

disputed issues of material fact - that is, whether McDonald meets the Plan's definition of "Total Disability" - neither party is entitled to judgment as a matter of law. Prudential's motion for summary judgment (document no. 28) is, therefore, denied. Likewise, McDonald's motion for summary judgment (document no. 30) is also denied. The Clerk of Court shall schedule trial and notify counsel of the pertinent dates.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 23, 2002

cc: Peter C. Phillips, Esq.
    David Wolowitz, Esq.
    Robert T. Gill, Esq.
    Charles Platto, Esq.
    Ben A. Solnit, Esq.